IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY BRAY | ) Civil No.: 3:16-cv-1980-JE |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AND ORDER |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOUSING AND URBAN DEVELOPMENT, | ) |
| ALASKA USA FEDERAL CREDIT UNION, | ) |
| AMERICAN AIRLINES, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

JELDERKS, Magistrate Judge:

      Pro se Plaintiff Jeffrey Bray brings this action against the United States Department of Housing and Urban Development (HUD), Alaska USA Federal Credit Union and American Airlines. Plaintiff's Complaint comprises a court-provided Complaint form, an attached photocopy of a hand-written Statement of Claim, a photocopy of an American Airlines membership card bearing Plaintiff's name, a photocopy of what appears to be a page from Plaintiff's armed forces enlistment application, an "Agreement to Mediate" form signed by Plaintiff and a rent statement from Plymouth Housing Group. Plaintiff has applied to proceed *in forma pauperis* and has submitted an application for CM/ECF registration.

FINDINGS AND RECOMMENDATION AND ORDER – 1

Plaintiff's application to proceed *in forma pauperis* is granted and his application for CM/ECF registration is denied. For the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process, for lack of subject matter jurisdiction and on the basis that it fails to state a claim upon which relief can be granted.  See FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

## Background

On October 11, 2016, Plaintiff filed the instant Complaint and applied to proceed *in forma pauperis*. As an initial matter, the court notes that on the first page of his Complaint, Plaintiff references a case he previously filed in the United States District Court for the Western District of Washington against the HUD's Alaska Area Office. The Court takes judicial notice that Plaintiff filed his Complaint in that case on August 29, 2016 and the case was dismissed in an Order dated September 27, 2016.  A review of Western District of Washington's Order of Dismissal reveals that the Complaint before this court reiterates many of the same allegations and claims set forth in the Western District of Washington case.

Plaintiff's Complaint lacks clarity but appears to allege that his attempts to secure Native Alaskan Section 8 Housing were thwarted due to HUD's Alaska Area office in Seattle being "unsanitary" and inaccessible because of the presence of a "Norwegian Cruise Ship." Compl. at 5, 9. Plaintiff also alleges that "the 2nd incident occurred when I deposited a check for $3,000.00 some odd dollars into my bank, and they took out the check amount I deposited." Id. at 5. Plaintiff also asserts that the post office on the first floor of the HUD Alaska Area office is "always stealing and switching up my Visa/Master Card request in ref. to a United States Coast Guard Master Card for the 13th District – that's the Native Alaskan Jurisdiction." Id. at 9

FINDINGS AND RECOMMENDATION AND ORDER – 2

Plaintiff seeks an "accurate bank reconciliation of the money they stole out of my bank," a "Veteran's Administration Special Single House Grant," "Native Alaskan Gov. benefits," "40 hours five days a week" work at the Chinook Seafood Restaurant and other forms of relief which the Court finds difficult to ascertain with any specificity.

### Discussion

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

Regardless of how liberally Plaintiff's Complaint is construed, it fails to state a claim upon which relief can be granted. First, Plaintiff does not cite any law or state a cause of action that would provide a basis for this Court's exercise of jurisdiction over Plaintiff's claims. Federal courts are courts of limited jurisdiction, and are presumed to lack jurisdiction over a case unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

FINDINGS AND RECOMMENDATION AND ORDER – 3

Federal district courts may hear only those cases that are within the judicial power conferred by the United States Constitution or by statute. <u>Richardson v. United States</u>, 943 F.2d 1107, 1112-13 (9th Cir.1991), <u>cert. denied</u>, 503 U.S. 936, 112 S.Ct. 1473 (1992). Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." <u>See</u> also <u>Augustine v. United States</u>, 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. <u>See</u>, e.g., <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974).

Second, the Complaint fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); <u>see also</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). Although Plaintiff attempts to describe the relief he seeks, after a careful review of the Complaint, I am unable to discern from Plaintiff's narrative any clear or coherent claim upon which relief could be granted. In addition, Plaintiff has named, as parties to this action, entities against which he has failed to make any allegations or assert any claim. Accordingly, dismissal is warranted as to these Defendants.

I am unable to discern from Plaintiff's allegations any basis for subject matter jurisdiction in this court, or any claim having an arguable basis in law or fact. Accordingly, Plaintiff's Complaint should be dismissed. Although it appears doubtful that the defects in Plaintiff's Complaint can be cured by amendment, dismissal should be without prejudice.

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (# 2) is GRANTED. Plaintiff's application for CM/ECF Registration (#3) is DENIED. This action should be DISMISSED,

without service of process, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. A judgment should be entered dismissing the action without prejudice.

### **Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 5, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 16th day of November, 2016.

                                                     /s/ John Jelderks
                                              John Jelderks
                                              U.S. Magistrate Judge